UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA NGUYEN,<br><br>                           Plaintiff,<br><br>    v.<br><br>TYLER DEWEY, SAM RODRIGUEZ, D. SHORES, *et al.*,<br><br>                           Defendants. | Case No. 23-cv-1576-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IFP (ECF No. 2);**<br>**(2) DISMISSING THE COMPLAINT, *SUA SPONTE*, FOR FAILURE TO STATE A CLAIM (ECF No. 1); AND**<br>**(3) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT (ECF No. 1)** |

Proceeding pro se, Plaintiff Victoria Ngyuen ("Nguyen") brought this civil action against fourteen named San Diego police officers. (Compl., ECF Nos. 1, 1-1.) Nguyen simultaneously filed an application to proceed *in forma pauperis* ("IFP"). (IFP Appl., ECF No. 2.) For the reasons set forth below, the Court **GRANTS** Nguyen's IFP Application (ECF No. 2), **DISMISSES** the Complaint without prejudice (ECF No. 1), and **GRANTS** Nguyen leave to file a First Amended Complaint.

**I.    IFP APPLICATION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Skyler v. Saul*, No. 19CV1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

Although Nguyen lists ownership of a home valued at $981,000, she also lists a monthly mortgage payment of $2750, along with additional monthly expenses of $600. She lists her income as $2000/month and states that medical issues have prevented her from working. Based on this information, the Court **GRANTS** Nguyen's IFP Application. (ECF No. 2.)

## II. MANDATORY SCREENING OF PLEADING

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) *as amended on reh'g* (Apr. 15, 2016) (noting that under § 1915(e)(2)(B) a court's determination that defendants are immune from the claims alleged "mandates dismissal—even if dismissal comes before the defendants are served"). "The provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to [complaints filed by] prisoners," but extend to all IFP pleadings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (instructing courts to "incorporate[] the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6)" when assessing the sufficiency of an IFP pleading under § 1915(e)(2)(B)(ii)). Under Rule 12(b)(6), the court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenter*s, 459 U.S. 519, 526 (1983).

B.    **Allegations in the Complaint**

As best as the Court can ascertain from the Complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 for police action and inaction over a neighborhood dispute in August 2021. (Compl. at 3.) Plaintiff claims her neighbors accused her of a hit and run when it was, in fact, the fault of another individual, Omar Flores. (*Id.*) Police were called to the scene and, according to the Plaintiff, the police officers "colluded with [her] neighbors to frame [her] for a crime that [she] did not commit." (Compl. at 4 of 6.) Plaintiff brings claims of: "Civil Rights Violation," "14th Amendment," "Falsification and Spoliation of Evidence and Reports," "Malicious prosecution," "Racial target harassment," "Neglect standard duty," "Abuse process," "abuse authority," "Negligence," "Civil conspiracy," "Defamation," and "intentional infliction of emotional distress" against fourteen named officers and additional unnamed San Diego police dispatchers. (Compl. at 3–4 of 6; Compl. at 1–3.) The complete allegations against each defendant are summarized below.

**Officers Dewey and Rodriguez** were the officers who initially responded to the scene. The Complaint alleges they filed a false report, failed to investigate the incident, and assumed Plaintiff was at fault. (Compl. at 3–4.)

**Officer Shore** allegedly sent a threatening letter to Plaintiff to tell her a criminal complaint would be filed against her, believing the "eyewitnesses' contradictive statements over plaintiff's security camera footage." (Compl. at 4.)

**Officers Goebel and Serrano** filed an incident report and turned it over to the Traffic Unit without verifying the facts. (Compl. at 4.)

After the incident, Plaintiff filed numerous Internal Affairs ("I.A.") reports about her allegations. (Compl. at 4.) She also sues several of these I.A. investigators.

**Sergeant Sorbie** was initially assigned the I.A. complaint and, according to the Complaint, tried to cover for Shore. (Compl. at 4.)

**Lieutenant Portnoy** came out to interview Plaintiff after a second I.A. complaint was filed. (Compl. at 4.) Plaintiff alleges Portnoy resolved Plaintiff's concerns after discussing the case with her, but then Plaintiff learned no charges were ever filed against the neighbors. (Compl. at 4.) She alleges Portnoy "continued to broker and cover up for his staff and those people who framed the plaintiff." (Compl. at 5.) Plaintiff alleges Portnoy said the case was closed without investigating anyone and said he would assign Officer Edington to investigate but did not. (Compl. at 5.)

Plaintiff then filed a FOIA request to obtain reports about the incident. (Compl. at 5.) She spoke to **Lieutenant Lara** who told Plaintiff the only way to get the information was to file a lawsuit and subpoena the records. (Compl. at 5–6.)

Plaintiff also files suit against several officers whose only alleged violation was a failure to respond to Plaintiff's concerns:

- **Lieutenant Hall** was allegedly Sorbie's supervisor who failed to return Plaintiff's call. (Compl. at 4.)

- **Sergeant Sutter** accompanied Portnoy when he came out to interview Plaintiff during the second I.A. investigation. (Compl. at 4.) She was aware of Plaintiff's concerns but did nothing.

- **Captain Sainz** did not follow up with Plaintiff and then "disappeared" from contact with Plaintiff. (Compl. at 6.)

- Finally, Plaintiff alleges **Sergeant Underwood** "did not catch where Mr. Flores was illegally riding and attached his child to the bike against the law." (Compl. at 5.) It is unclear from the Complaint how this relates to the underlying incident, other than the fact that it involves Flores, who is the individual Plaintiff alleges was originally at fault. (*Id.* at 3.)

There are no allegations in the Complaint about **Detective Sergeant Danny, Police Chief Nisleit**, or any **San Diego police dispatchers.**

C. **Analysis**

As a preliminary matter, Plaintiff fails to state any factual allegations against Detective Danny, Police Chief Nisleit, or any San Diego police dispatchers. Therefore, these Defendants are dismissed for failure to state a claim. In addition, since it is unclear how the allegations against Sergeant Underwood relate to the hit and run incident, this defendant is also dismissed. Plaintiff must explain why each named Defendant is being sued by matching specific factual allegations that connect each defendant with the specific alleged wrongdoing. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating that sweeping conclusory allegations about all defendants are not sufficient; a plaintiff must set forth specific facts as to each individual defendant's liability).

With respect to the remaining officers, the allegations generally fall into two areas: (1) failure to investigate or follow up on Nguyen's concerns and (2) filing false reports.

Failure to investigate. An allegation that police officers failed to investigate is not sufficient to state a civil rights claim "unless there was another recognized constitutional right involved." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). "The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen

from another even when one citizen deprives the other of liberty of property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, (9th Cir. 1994) (citing *Deshaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("[T]here is no statutory or common law right, much less a constitutional right, to an investigation."); *see also Ogunrinu v. City of Riverside*, 79 F. App'x. 961, 962–63 (9th Cir. 2003) ("An inadequate investigation alone does not involve the deprivation of a protected right, but must involve another recognized constitutional right." (quotations omitted)).

<u>Filing false reports</u>. "[F]ederal courts have generally held that the filing of a false police report alone is insufficient to support a constitutional claim under § 1983." *Fisher v. Smith*, No. CV 07-08109 MMM (RCx), 2008 WL 11409586, at *4 (C.D. Cal. Mar. 24, 2008).

In this case, Plaintiff appears to allege that officers failed to properly investigate a hit and run accident and failed to charge Omar Flores for this incident. To the extent Plaintiff is claiming the officers failed to properly investigate, this is insufficient to state a civil rights claim. Additionally, to the extent the complaint alleges the officers believed the wrong witnesses and filed false police reports when they failed to verify the true facts, this is also insufficient to support a constitutional violation claim.

Finally, to the extent Plaintiff alleges "racial target harassment," she does not allege sufficient facts to support her claim. For instance, she fails to allege that she is a member of a protected class. *See Kochan v. Kowalski*, 431 F. Supp. 3d 130, 139 (W.D.N.Y. 2019) (finding the plaintiff did not plead a viable claim where he did not allege that he "belong[ed] to a protected class").

Hence, the Court *sua sponte* **DISMISSES** the Complaint for failure to state a claim. However, in general, if a motion to dismiss is granted, the Court should grant leave to amend unless it determines that the pleading could not possibly be cured by allegation of other facts. *Lopez*, 203 F.3d at 1127. Therefore, the Court **GRANTS** Plaintiff leave to amend. Plaintiff is cautioned: if she chooses to file an amended Complaint, she must allege

facts beyond just a failure to investigate or a failure to believe one set of witnesses over another. These allegations are insufficient to support a cause of action. In addition, she must allege what each named defendant did that makes him or her liable for the claims she alleges. To plead her case, Plaintiff's allegations must extend beyond legal conclusions to specific facts that support those legal conclusions.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2), but *sua sponte* **DISMISSES** the Complaint with leave to amend. If Plaintiff chooses to file an amended Complaint, she must do so no later than **February 9, 2024**.

**IT IS SO ORDERED.**

DATED: January 12, 2024

Hon. Cynthia Bashant
United States District Judge