UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA NGUYEN,<br><br>                            Plaintiff,<br><br>   v.<br><br>TYLER DEWEY, SAM RODRIGUEZ, D. SHORES, *et al.*,<br><br>                           Defendants. | Case No. 23-cv-1576-BAS-AHG<br><br>**ORDER DISMISSING THE AMENDED COMPLAINT,** ***SUA SPONTE*****, WITH PREJUDICE (ECF No. 4)** |

      Plaintiff filed a Complaint against a long list of San Diego Police Department Officers and Detectives, along with a petition to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1–2.) The Court granted the IFP request but dismissed the Complaint *sua sponte* for failure to state a claim. (ECF No. 3). Specifically, the Court directed Plaintiff that, if she filed an Amended Complaint "she must allege facts beyond just a failure to investigate or a failure to believe one set of witnesses over another." (*Id.* at 7:28–8:2.) And "[i]n addition, she must allege what each named defendant did that makes him or her liable for the claims she alleges." (*Id.* at 3:2–4.) Unfortunately, Plaintiff took this directive to mean she should double the length of the Complaint with allegations about the same failure to investigate detailed in the first Complaint. (ECF No. 4 ("Amended Complaint").)

The allegations against each of the named Defendants are outlined in the Court's previous Order of Dismissal.  (ECF No. 3)  Although the Amended Complaint is lengthier, the gist of the allegations remains the same.  Defendant has now added factual allegations against Defendant Danny, but only alleges that he was assigned to her third Internal Affairs Complaint.  (Am. Compl. ¶ 52.)

The Amended Complaint also adds four new defendants.  Three of these, Officers Edington, Jordon and Wadhams, are alleged to have met with Plaintiff during her various Internal Affairs complaints.  Similar to the other Defendants, the gist of Plaintiff's Amended Complaint seems to be that these three officers failed to pursue and arrest the real wrongdoers.

The fourth defendant, an Officer Mendez, is alleged to have been involved in a separate incident.  In the Amended Complaint Plaintiff includes allegations about several separate incidents involving the San Diego Police Department dating back to 2006.  Most of these prior incidents involved unnamed police officers.  However, the Complaint does name Officer Mendez, who allegedly was present in Plaintiff's neighborhood during a November 28, 2020, incident involving a "drive-through party."  As best the Court can ascertain, the only allegation against Officer Mendez from this incident is that he "called the Plaintiff's cell phone and told her it was now ok for Plaintiff to leave her home" (after the party disturbance ended).  (Am. Compl. ¶ 31.)  It is unclear why this is actionable.

Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, even a pro se pleading must contain a short and plain statement showing that the pleader is entitled to the relief she seeks.  Fed. R. Civ. P. 8(a); *Crotts v. City of Los Angeles,* 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed.") (citing *Lopez v. Dept. of Health Services,* 939 F.2d 881, 882–83 (9th Cir. 1991)).  Plaintiff's allegations are not easy to follow.  They are certainly not a "short and plain statement."  However, the crux of all the claims appears to be that police officers, responding to her home on various occasions, believed other witnesses' versions of events and not hers.  She alleges the police

officers failed to adequately investigate and specifically failed to look at various videos of the events.

In addition, after pointing out these errors to numerous police officers after the incident, the officers then refused to arrest and prosecute the real culprits. She details many attempts to get the Police Department to prosecute the individuals she believed to be the real villains. She now attempts to sue each officer she contacted in these attempts.

As the Court detailed in its last order of dismissal, an allegation that police officers failed to investigate is not sufficient to state a civil rights claim "unless there was another recognized constitutional right involved." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). "The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994), (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989)); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *see also Ogunrinu v. City of Riverside*, 79 F. App'x 961, 962–63 (9th Cir. 2003) ("An inadequate investigation alone does not involve the deprivation of a protected right, but must involve another recognized constitutional right." (quotations omitted)). Similarly, "federal courts have generally held that the filing of a false police report alone is insufficient to support a constitutional claim under § 1983." *Fisher v. Smith*, No. CV 07-08109 MMM (RCx), 2008 WL 11409586, at *4 (C.D. Cal. Mar. 24, 2008) (listing court decisions).

The Court previously explained to Plaintiff that she needed to allege more than simply a failure to adequately investigate and a failure to prosecute her neighbors and Mr. Omar Flores. Yet, despite the added length of the Amended Complaint, this is exactly what she alleges again. Therefore, the Court incorporates its last ruling dismissing the Complaint (ECF No. 3) and once again finds the Amended Complaint fails to state a claim.

Although generally plaintiffs should be given an opportunity to amend a complaint, the Court may deny amendment if it is clear such an amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (repeated failure to cure deficiencies by amendment previously allowed by the court can be grounds for denying amendment). In this case, the Court explained to Plaintiff what she needed to include in any Amended Complaint. Because Plaintiff still alleges a failure to investigate and prosecute, the Court concludes any additional amendments would be futile.

Therefore, the Court **SUA SPONTE DISMISSES** the Amended Complaint with prejudice. (ECF No. 4.) The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: March 19, 2024

Hon. Cynthia Bashant
United States District Judge